IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS

| | |
|---|---|
| WESLEY MEREDITH, JR., §<br>DAWN MEREDITH, DOMINGO §<br>SANTOS, ESMERALDA SANTOS, §<br>ALEX CRUZ and MAYELA §<br>CRUZ, Individually, and as Class §<br>Representatives On Behalf of all §<br>Similarly Situated Persons, §<br>PLAINTIFFS §<br>§<br>§<br>VS. §<br>§<br>CLAYTON HOMES, INC.; and §<br>CMH HOMES, INC. § | CASE NO. CV-2005-72-2<br><br>2005 FEB 17 AM 4:59<br><br>NATIONAL CLASS ACTION |

## PLAINTIFFS' ORIGINAL CLASS COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Wesley Meredith, Jr., Dawn Meredith, Domingo Santos, Esmeralda Santos, Alex Cruz, and Mayela Cruz, individually and as class representatives on behalf of all similarly situated persons, and submit the following Complaint against Clayton Homes, Inc. and CMH Homes, Inc., ("Clayton") for their cause of action would show as follows:

## I.
## INTRODUCTION AND NATURE OF CASE

1.1 For years, Defendants have been in the business of manufacturing, distributing, marketing, selling, and otherwise placing manufactured homes into the stream of commerce. For each and every sale of a new manufactured home by Defendants, with one noted exception set out below, the purchaser is charged for the wheels and axles. In fact, contained in each and every invoice, with one exception noted below, is a charge for the wheels and axles. The charge for the wheels and axles is never disclosed to the purchaser. Rather, the defendants represent to the purchaser that they are not purchasing the wheels and axles. In fact, although the charge for


EXHIBIT B

the wheels and axles is included on the invoice of each and every manufactured home, the purchaser is never told that they are being charged for the wheels and axles. As a consequence, the customers not only are fraudulently induced into the transaction for the purchase of a home, but each purchaser unknowingly purchases the wheels and axles.

1.2     Despite the purchase of the wheels and axles, each and every customer is then told to execute a Retailer Closing Agreement. In the execution of the Retailer Closing Agreement, the purchaser is told to check the box that states: "Wheels and axles were not purchased by Buyer but belong to Retailer." Defendants require each purchaser to check this box even when they know that such statement is false. The cost of the wheels and axles charged to the buyer is never removed from the invoice. As a consequence, on each and every sale of a manufactured home, the Defendants are profiting from receipt of monies paid for the fraudulent charges for the wheels and axles. In addition, each store manager is required to keep a Wheels and Axles Report, tracking not only the wheels and axles, but the Wheels and Axles Income from this fraudulent activity. Furthermore, the Defendants after receipt of money from the buyer for the wheels and axles, then takes the wheels and axles and re-sales them to an outside company for even more of a profit. The money the Defendants receive from the re-sale of the wheels and axles is not returned to the purchaser of the manufactured home who actually paid for the wheels and axles, rather, the Defendants receive further profit from this fraudulent activity.

1.3     As indicated above, there is one noted exception to this fraudulent practice. In all transactions involving a purchase of a manufactured home through the FHA program of the Federal government, the customer is not charged for the wheels and axles. The reason why the

purchaser of a manufactured home is not charged for the wheels and axles when they are purchasing through the FHA is because the Federal Government would not approve and allow the customer to be charged. As a consequence, the Defendants remove the charge for the wheels and axles when the Federal government is involved. To the rest of the millions of purchasers of manufactured homes, the Defendants induce them into purchasing the manufactured home by fraud, commit fraud throughout the transaction, and then profit from this fraud.

## II.
## PARTIES

2.0   Wesley Meredith, Jr. and Dawn Meredith are citizens of the State of Arkansas,

2.1   Domingo Santos, Esmeralda Santos, Alex Cruz, and Mayela Cruz are citizens of the State of Texas.

2.2   Defendant, Clayton Homes, Inc., a wholly owned subsidiary of Berkshire Hathaway, Inc. and the successor corporation of Clayton Homes, Inc., a Tennessee corporation, is a foreign corporation, incorporated in the state of Delaware, doing business, engaging in business and transacting business in the state of Arkansas, with business offices throughout the state of Arkansas and may be served pursuant to the Arkansas Long-Arm Statute, through the Secretary of State of Arkansas at **Wilmington Trust SP Services, Inc., 1105 N. Market Street, Suite 1300, Wilmington, Delaware 19801.**

2.3   Defendant, CMH Homes, Inc., is foreign corporation, incorporated in the state of Tennessee, doing business, engaging in business and transacting business in the state of Arkansas, and may be served with process by serving its Arkansas registered agent for service of process, **The Corporation Company, 425 West Capitol Avenue, Suite 1700, Little Rock, AR**

72201.

## III.
## JURISDICITON AND VENUE

3.1   This is a Class Action lawsuit seeking monetary damages and equitable relief pursuant to Arkansas Rule of Civil Procedure 23. Plaintiffs file this lawsuit for the purpose of certifying a nationwide class of Plaintiffs pursuant to A.R.C.P. 23.

3.2   This Court has personal jurisdiction over Defendants by virtue of the extensive amount of business they conduct within this state and, further, because of the specific conduct at issue relating to Plaintiffs and the Class. The Defendants have sold thousands of manufactured homes within this state. During each and every transaction, Defendants have made material and false representations to the purchasers not only in an effort to fraudulently induce them into purchasing the home, but in an effort to reap millions in monies derived from fraudulent means. The Defendants are amenable to service under the Arkansas long-arm statute in that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

3.3   The amount in controversy for Plaintiffs is less than $75,000.00 for purposes of federal jurisdiction. Venue is proper in Miller County, Arkansas, pursuant to Ark. Code Ann. Section 16-60-113. Pursuant to Section 16-60-113, "any action for any type of fraud may be brought in the county where...one or more of the acts utilized to induce, perpetuate, or conceal the fraud was performed, or in the county from which an act or one or more of the fraudulent acts or part of a scheme to defraud was originated or was communicated from or into by telephone, mail, or other means orally or in writing." The Defendants have and continue to sell manufactured

homes in Miller county and made and continue to make false representations in Miller County, Arkansas. Defendants committed one or more acts utilized to induce, perpetuate or conceal fraud in Miller County, Arkansas. Therefore, venue is proper in Mille County, Arkansas.

3.4   Clayton Homes, Inc. engages in business throughout the state of Arkansas, having its principal place of business within the state of Arkansas. Clayton Homes, Inc. engages in the sale, retail, marketing, advertising, manufacturing, and financing of manufactured homes throughout the state of Arkansas. In conducting its business activities within this state, Clayton Homes, Inc. has purposely established minimum contacts within the state of Arkansas and the exercise of jurisdiction in Arkansas comports with fair play and substantial justice. By engaging in business activities throughout the state, Clayton Homes, Inc. not only purposely availed itself of the privilege of conducting business in this state, but by its business activities invoked the benefits and protections of the laws of this state. Clayton Homes, Inc.'s business activities in Arkansas are not random, fortuitous, or attenuated.

3.5   Plaintiffs would further show the Court that the Defendants, Clayton Homes, Inc. and CMH Homes, Inc. operate as a single business enterprise of producing, selling, marketing, financing, and insuring manufactured homes. As a single business enterprise, each of these companies has integrated resources and operations to achieve a common business purpose. As a single business enterprise, each company shares common officers, common name, centralized management, shared accounting, common offices, common employees, and shared allocation of profits and losses between each enterprise. As a single business enterprise, these companies have participated, approved, authorized, ratified, and encouraged the conduct complained of

have participated, approved, authorized, ratified, and encouraged the conduct complained of herein. Each company as a single business enterprise has profited from the conduct complained of herein.

## IV.
## CLASS ALLEGATIONS

4.1 Plaintiffs bring this cause of action individually and on behalf of all other similarly situated individuals and/or persons, pursuant to A.R.C.P. 23.

4.2 Plaintiffs seek to certify the following Class:

> any and all persons who purchased a new manufactured home from Clayton Homes by and through its company owned stores.

4.3 The following persons and/or entities are excluded from the Class:

    a. Persons who purchased a new manufactured home from Clayton Homes through an FHA loan;

    b. Persons and/or entities who timely opt-out of this proceeding using the correct protocol for opting-out that will be formally established by this Court;

    c. Any and all federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and

    d. Any currently sitting Arkansas state court judge and/or justice in the current style and/or any persons within the third degree of consanguinity to such judge and/or justice.

4.4 Based upon information and belief, the Class is comprised of thousands of individuals who are geographically disbursed across the United States. As a result, joinder of individual Plaintiffs is impractible. The disposition of Plaintiffs' claims will provide a substantial benefit to

the persons and the court System by using Rule 23 as the vehicle to adjudicate the rights of hundreds of thousands of individuals and/or entities in one cause of action. Joining and naming each Class Member as a co-plaintiff is unreasonable and impracticable. Such a requirement would only result in Defendants' retention of money which is necessary to compensate the Class to remedy and/or remediate the damage caused by Defendants' fraudulent activities.

4.5     There is a well-defined commonality of interests in common questions of law and fact that affect Class Members. As to the Class, there are common questions of law and fact, which predominates over any questions affecting individual Class Members.

4.6     The claims asserted by Plaintiffs are typical of the claims of the Class. The Class and the plaintiffs all purchased new mobile homes from a Clayton Homes company owned store, were charged for the wheels and axles, asked to check a box that they did not purchase the wheels and axles, unknowingly paid for the wheels and axles and Defendant profited from this fraudulent conduct.

4.7     Plaintiffs will fairly and adequately represent the interest of the Class. The interest of the Class is not antagonistic with those of individual Plaintiffs. Plaintiffs have the ability to assist and adequately protect the rights of the Class during the litigation. Further, Plaintiffs are represented by legal counsel who are competent and experienced in this type of Class Action litigation.

4.8     This Class Action is not only the appropriate method for the fair and efficient

adjudication of the controversies, but is, in fact, superior method to all other available causes of action because:

a. The joinder of hundreds of thousands of geographically diverse individual Class Members is impractible, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b. There is no special interest by Class Members and individually controlling prosecution of separate causes of action;

c. Class Members' individual claims now may be relatively modest compared with the expense of litigating the claims, thereby making it impractible, unduly burdensome, expensive, if not totally impossible, to justify individual Class Members addressing their loss;

d. When Defendants' liability has been adjudicated, claims of all Class Members can be determined by the court and administered efficiently in an manner which is far less erroneous, burdensome, and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

e. This Class Action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of class claims to promote economies of time, resources, and limited pool of recovery;

f. This Class Action will assure uniformity of decisions among Class Members;

g. Without the Class Action, Class Members will go without restitution or money damages;

h. Without this Class Action, the restitution and/or remediation damages will be ordered and Defendant will reap the benefits of profits from this fraudulent activity;

i. The resolution of this controversy through this Class Action presents fewer management difficulties than individual claims filed in which the parties may be subject to varying indifferent adjudications of their rights; and

j. Injunctive relief will be available to protect all future consumers from these fraudulent charges.

## V.
## FRAUDULENT CONCEALMENT/DISCOVERY RULE

5.1     Defendant had a duty to disclose to Plaintiffs its knowledge of the charge for the wheels of axles. Rather than disclosing the charge to the Plaintiffs, Defendants wrongfully profited from their failure to disclose aid charge. As such, Plaintiffs by virtue of the acts of fraud by the Defendants are unaware of that they were charged for the wheels and axles, actually paid monies for the wheels and axles, and that Defendants profited from their unknowing purchase of the wheels and axles and the re-sale of the wheels and axles unknowingly to the customer to have been bought by them. As a consequence, Plaintiffs could not have, with the exercise of real caution, prudence, or diligence discovered the charges. In fact, in an effort to conceal the charge, this charge or the representation that the customer is being charged for the wheels and axles appears no where on any of the documents the Plaintiffs are asked to sign during the purchase of the home. These facts are intentionally not disclosed to purchaser in an effort to fraudulently induce them into purchasing the home, including the execution of numerous documents. Consequently, the statute of limitations is tolled making all Plaintiffs' claims timely filed.

## VI.
## MISCELLANEOUS

6.1     Any conditions preceding the instruction of this lawsuit have been performed, have occurred, and/or have been waived.

## VII.
## FRAUD

7.1     Plaintiffs hereby incorporate by reference the preceding allegations contained herein as if set forth in this cause of action verbatim.

7.2 Defendants made numerous express and implied representations and gave assurances to Plaintiffs, including but not limited to the following:

 a. Plaintiffs were not being charged for the wheels and axles;

 b. Plaintiffs were not paying any monies for the wheels and axles;

 c. Plaintiffs were not purchasing the wheels and axles; and

 d. Plaintiffs did not purchase the wheels and axles.

Defendants knew that the receipt of such representations would have been important to Plaintiffs and purposely withheld such information in an effort to induce them into purchasing the home. Defendants knew such representations, assurances, omissions and concealment were fraudulent, false, and/or misleading at the time they were made. Defendant intended for Plaintiffs to rely upon such fraudulent, false and/or misleading representations, assurances, omissions and concealment. Plaintiffs reasonable and justifiable relied upon such false and/or misleading representations, assurance, omission and concealment to their detriment and injury.

## VIII.
## INJUNCTIVE RELIEF

8.1 Plaintiffs hereby incorporate by reference the preceding allegations contained herein as if set forth in this cause of action verbatim.

8.2 Plaintiffs hereby seek injunctive relief to enjoin Defendants from continuing with the described fraudulent activities.

## IX.
## RELIEF REQUESTED

9.1   Plaintiffs individually and as a class representatives on behalf of all similarly situated persons and/or entities respectfully request that the Court grant the following relief and/or enter judgment against the Defendants, jointly and severally for the following:

   a) Certify this cause of action as a class action pursuant to A.R.C.P. 23 and appoint Plaintiffs as Class representatives and Plaintiffs' counsel as Class counsel;

   b) Award appropriate monetary damages to Plaintiffs and the proposed Class in an amount equal to the amount improperly charged for wheels and axles; provided that Plaintiffs seek less than $75,000 total recover for each Plaintiff and/or Class Member;

   c) Awarding such equitable relief permitted, including an injunction requiring Defendants to cease the fraudulent activity; provided that Plaintiffs seek less than $75,000 total recovery for each Plaintiff and/or Class Member.

   d) Awarding pre-judgment interest to prevent Defendants from receiving unjust enrichment from their improper conduct; provided that Plaintiffs seek less than $75,000 total recovery for each Plaintiff and/or Class Member;

   c) Awarding reasonable and necessary attorneys' fees and costs to Class counsel; provided that Plaintiffs seek less than $75,000 total recovery for each Plaintiff and/or Class Member;

   d) Awarding such other and further relief in law or in or equity as the Court determines fair, reasonable, appropriate, and/or just deems just; provided that Plaintiffs are not seeking punitive damages or any form of exemplary damages on behalf of themselves or the class; and that Plaintiffs seek less than $75,000 total recovery for each Plaintiff and/or Class Member; and

Whether by restitution, remediation, money damages, and/or injunctive relief, or any combination thereof, Plaintiffs seek recovery of less than $75,000 for each Plaintiff or Class Member from Defendants, including all interests and costs, including prejudgment interest, post-judgment interest, court costs, and attorneys fees. Therefore, although Plaintiffs contend that Defendants are liable for all damages and relief owed to

each Plaintiff and Class Member, Plaintiffs expressly seek less than $75,000 total on behalf of each Plaintiff or Class Member. Pursuant to Arkansas Rule of Civil Procedure 8(a), each Plaintiff and each Class Member is limited to less than a $75,000 recovery. Plaintiff estimates that it would cost $_____ to remove the System from her home and replace it with an appropriate coating. Plaintiffs allege that they were unknowingly charged $1,200 for the wheels and axles and that Defendants then re-sold the wheels and axles for $1,000. Therefore, the amount in controversy for each Plaintiff or class member is approximately $2,200, well below the $75,000 threshold for diversity jurisdiction.

Respectfully submitted,

MATT KEIL
KEIL & GOODSON P.A.
Arkansas State Bar No. 86099
611 Pecan Street
Texarkana, AR 71854-5337
(870) 772-4113 (telephone)
(870) 773-2967 (facsimile)

**ATTORNEYS FOR PLAINTIFF**