IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WESLEY MEREDITH, JR., DAWN                                              PLAINTIFFS
MEREDITH, DOMINGO SANTOS,
ESMERALDA SANTOS, ALEX CRUZ,
MAYELA CRUZ, CHRIS McCLURE,
LARISSA McCLURE, RONALD BAIRD,
and DEANNA BAIRD, Individually, and
as Class Representatives on Behalf of all
Similarly Situated Persons

VS.                                   CASE NO. 06-CV-4117

CLAYTON HOMES, INC., and
CMH HOMES, INC.                                                         DEFENDANTS

**MEMORANDUM OPINION**

Before the Court is Plaintiffs' Motion for Remand, Alternative Motion for Discretionary Abstention and Equitable Remand, Alternative Motion for Severance and Remand, and Motion for Costs, Expenses and Fees. (Doc. 23). Defendants Clayton Homes, Inc. and CMH Homes, Inc. (collectively, "Defendants") have responded. (Doc. 28). Plaintiffs filed a reply to Defendants' response. (Doc. 29). Defendants filed a surreply to Plaintiffs' reply. (Doc. 31). Also before the Court is Defendants' Motion for Leave to File Amended Notice of Removal. (Doc. 26-1). Plaintiffs have responded. (Doc. 29). The Court held a hearing on the Motion for Remand and related motions on March 30, 2007. (Doc. 37). The matter is ripe for consideration.

**I. BACKGROUND**

Plaintiffs filed this nationwide class action lawsuit in the Circuit Court of Miller County, Arkansas on February 17, 2005, seeking monetary damages and equitable relief under state law for fraud, unjust enrichment and conversion in connection with their purchase of mobile homes from Defendants. Specifically, Plaintiffs claim their transaction with Defendants included a charge for

the mobile home's wheels and axles, which Defendants retained and re-used following the sale to Plaintiffs. Defendants removed to this Court on July 6, 2005, asserting federal jurisdiction based on the Class Action Fairness Act ("CAFA") and diversity of citizenship. On September 14, 2005, this Court remanded the case to state court, finding that this matter was filed prior to the enactment of CAFA and that diversity jurisdiction did not exist. Plaintiffs amended their complaint in state court on November 28, 2006, adding putative class representatives and named plaintiffs Chris McClure, LaRissa McClure, Ronald Baird and Deanna Baird. Ronald and Deanna Baird are debtors in a bankruptcy proceeding[1] pending before the United Stated Bankruptcy Court, Western District of Arkansas, Hot Springs Division. In addition, Chris McClure closed a Chapter 7 Bankruptcy on March 13, 2006. Defendants again removed the case to this Court following Plaintiffs' additions of the Bairds and McClures, asserting "related to" federal jurisdiction pursuant to 28 U.S.C. § 1334(b). The case is now before the Court on Plaintiffs' Motion for Remand, Alternative Motion for Discretionary Abstention and Equitable Remand, Alternative Motion for Severance and Remand, and Motion for Costs, Expenses and Fees.

## II. DISCUSSION

In the Motion for Remand, Plaintiffs argue that Defendants' second removal of this action was improper and that this Court should again remand to the Circuit Court of Miller County, Arkansas. Plaintiffs ground their Motion for Remand upon a purported failure of "related to" jurisdiction and a purported deficiency in Defendants' Notice of Removal. Additionally, Plaintiffs argue that this Court should abstain, finding applicable either mandatory abstention under §

---

[1] *In re Ronald Baird and Deanna Baird*, No. 04-75727 (United States Bankruptcy Court, Western District of Arkansas, Hot Springs Division).

1334(c)(2) or discretionary abstention under § 1334(c)(1).  The Court now turns to the grounds for removal asserted in Plaintiffs' Motion for Remand.

    *A. "Related to" Jurisdiction*

Plaintiffs argue that "related to" jurisdiction is not present in this case. The Court disagrees. The statute setting forth "related to" jurisdiction provides, in relevant part: "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b).  The test used to determine whether a civil proceeding is "related to" a bankruptcy action–and thus subject to federal jurisdiction–is "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995); *In re Dogpatch U.S.A., Inc.*, 810 F.2d 782, 786 (8th Cir. 1987); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984).  The proceeding typically does not need to be against the debtor or the debtor's property for "related to" jurisdiction to lie.  *Pacor*, 743 F.2d at 994.  An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action and which in any way impacts upon the handling and administration of the bankrupt estate. *Id*.  This matter easily satisfies this test for "related to" jurisdiction.

Recently added Plaintiffs Ronald and Deanna Baird are debtors in a Chapter 13 bankruptcy, filed August 27, 2004.  The Bairds purchased a mobile home from Defendant CMH Homes, Inc. on September 10, 2003.  In Arkansas, a cause of action for fraud accrues at the time of the misrepresentation, or at the time of the fraudulent conduct. *See Scollard v. Scollard*, 329 Ark. 83, 86, 947 S.W.2d 345, 347 (1997)(finding Plaintiff's cause of action for fraud accrued on the day Defendant made the misrepresentation).  Thus, the Bairds' claims for fraud in connection with the

purchase of their mobile home arose prior to the filing of their petition for bankruptcy. In the case of a pre-petition cause of action, like the Bairds', 11 U.S.C. § 541(a) provides that property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property at the commencement of the case." 11 U.S.C. § 541(a)(1). The Bairds' claim against Defendants is thus "property" of their bankruptcy estate. Even if the Bairds' cause of action accrued after the bankruptcy petition was filed, it would still be property of the bankruptcy estate. *See* 11 U.S.C. § 1306(a)(1)(providing that property of the estate includes property acquired after the commencement of the bankruptcy case but before the case is closed, dismissed, or converted to a case under another chapter).

It follows that "related to" jurisdiction is present because the instant suit for damages, if successful, could have an impact on the Bairds' bankruptcy estate: any recovery herein would accrue to the bankruptcy estate, increasing the assets available for distribution to the Bairds' creditors. *See In re S.N.A. Nut Co.*, 206 B.R. 495, 501 (Bankr. N.D.Ill. 1997)(finding that where the debtor is attempting to recover funds, which will increase the asset pool available for distribution to creditors, "the argument for 'related to' jurisdiction is even greater"). In addition, litigation costs and the necessity for substantive participation in the case as named plaintiffs and class representatives could negatively affect the Bairds' ability to carry out the terms of their confirmed bankruptcy plan.[2] *See Refrigerant Reclamation v. Todack*, (*In re Refrigerant Reclamation*) 186 B.R. 78, 83 (Bankr. M.D. Tenn. 1995)(finding within the bankruptcy court's subject matter jurisdiction a post-confirmation adversary proceeding involving the debtor because participation in the dispute would have an "immediate and determinative effect" on the debtor's ability to perform under the confirmed

---

[2] (*See* Doc. 28-2, pg. 7-11).

4

bankruptcy plan). Thus, the Court is satisfied that the instant proceeding is one "related to" a bankruptcy case such that 28 U.S.C. § 1334(b) vests this Court with federal subject matter jurisdiction.

*B. Defendants' Notice of Removal*

Plaintiffs assert, as a second basis for remand, that Defendants' Notice of Removal is insufficient. The Court disagrees. The Notice of Removal states the underlying state court action "may be removed under 28 U.S.C. § 1452 because this Court has jurisdiction over it under 28 U.S.C. § 1334 as a case related to the pending Chapter 13 bankruptcy case *In re Ronald Baird and Deanna Baird*, Bankruptcy Proceeding No. 04-75727, United States Bankruptcy Court, Western District of Arkansas, Hot Springs Division. This case is a matter 'related to' a case under Title 11 within the meaning of 28 U.S.C. § 1334(b)." (Doc. 1-1, ¶¶ 3-4). Without more, the Court became aware that the removed action was purportedly related to a bankruptcy action involving one or more of the named plaintiffs and purported class representatives, and that 28 U.S.C. § 1334 contained the applicable law providing for federal jurisdiction. To be sure, Defendants could have plead more facts supporting removal, but the Court finds those included in the Notice of Removal sufficient. Accordingly, the Court is satisfied that Defendants' Notice of Removal was proper.[3] This finding obviates any need for Defendants to amend their Notice of Removal, and the Court will deny Defendants' Motion for Leave to File Amended Notice of Removal.

*C. Mandatory Abstention*

Plaintiffs' most compelling ground for remand lies in the mandatory abstention provision of

---

[3] It follows that Plaintiffs' Motion for Costs, Expenses and Fees, based on the purported impropriety of Defendants' removal, must be denied.

28 U.S.C. § 1334(c)(2). The statute setting forth mandatory abstention provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, *the district court shall abstain* from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2)(Emphasis added). Thus, mandatory abstention is jurisdictional: where the factors supporting mandatory abstention are present, the court lacks jurisdiction and remand is required. *Frelin v. Oakwood Homes, Inc.*, 292 B.R. 369, 380 (Bankr. E.D. Ark. 2003). Mandatory abstention is required where: (1) a timely motion to abstain is made by a party to the proceeding; (2) the proceeding is based on a state law claim or state law causes of action; (3) the basis for removal is "related to" jurisdiction; (4) the proceeding could not have been commenced in federal court absent jurisdiction under 28 U.S.C. § 1334; and (5) the proceeding is commenced, and can be timely adjudicated, in a state forum. 28 U.S.C. § 1334(c)(2); *In re Nationwide Roofing & Sheet Metal, Inc.*, 130 B.R. at 778; *In re Titan Energy, Inc.*, 837 F.2d 325, 333 (8th Cir. 1988). Plaintiffs have the burden of proving that abstention is required under § 1334(c). *See All American Laundry Service v. Ascher (In re Ascher)* 128 B.R. 639, 644 (Bankr. N.D. Ill. 1991).

The first requirement for mandatory abstention is satisfied because Plaintiffs' Motion for Remand was timely filed. Defendants filed their Notice of Removal on December 18, 2006. (Doc 1-1). Plaintiffs filed their Motion for Remand on January 7, 2007. (Doc. 23). Thus, under 28 U.S.C. § 1447(c), Plaintiffs Motion for Remand is timely. *See also Loomis Electric Inc. v. Lucerne Products, Inc.*, 225 B.R. 381, 387-88 (N.D. Ohio 1998)(finding as timely motion for remand and abstention made thirty days after removal).

Next, the second requirement for mandatory abstention is satisfied because the class action lawsuit at issue is wholly based on state law causes of action. Plaintiffs were careful in drafting both their Original Class Complaint (Doc. 2) and their First Amended Class Action Complaint to assert causes of action sounding solely in the state substantive law of Arkansas. (Doc. 6, ¶¶ 7.1-11.1)(asserting causes of action for fraud, unjust enrichment and conversion). Thus, the causes of action here sound in state law–no federal question is involved–and the second requirement for mandatory abstention is satisfied.

Further, the third requirement for mandatory abstention is satisfied because Defendants based their second removal of this matter on "related to" federal jurisdiction. (Doc. 1-1, ¶ 4). The Court has already found that "related to" jurisdiction is present. In addition, this case does not "arise under" Title 11. Causes of action "arising under" Title 11 include claims for allowance, claims regarding the obtaining of credit, plan confirmation orders and orders regarding the assumption or rejection of contracts. *See In re Grubbs Constr. Co.*, 305 B.R. 476, 480 (Bankr. W.D. Ark. 2003); *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773-74 (8th Cir. 1995). Thus, the third requirement for mandatory abstention is satisfied.

The fourth requirement for mandatory abstention is satisfied because the instant case could not have been brought in federal court absent 28 U.S.C. § 1334. As previously discussed, this case does not involve a federal question, and Plaintiffs were careful to limit the amount in controversy for each plaintiff to $2200, well below the amount in controversy requirement for diversity jurisdiction. (See Doc. 6, ¶¶ 3.3, 11.1). Thus, the fourth requirement is satisfied, as § 1334 provides the only vehicle for bringing this action in federal court.

Finally, the fifth requirement for mandatory abstention is satisfied because this case was

7

commenced and can be timely adjudicated in state court. As previously noted, Plaintiffs filed their Original Class Complaint on February 17, 2005 in the Circuit Court of Miller County, Arkansas. (Doc. 2). A party requesting abstention must present evidence demonstrating that the state court action can be timely adjudicated, and "unsubstantiated assertions ... fail to meet the burden under this requirement." *In re Nationwide Roofing & Sheet Metal, Inc.*, 130 B.R. at 779. Defendants vigorously contest Plaintiffs' proof regarding this requirement. (See Doc. 31, ¶¶ 36-44). However, at the hearing of this matter, Plaintiffs came forward with several charts identifying the relative caseloads and docket crowding of the United States District Court for the Western District of Arkansas, Texarkana Division, and the Circuit Court of Miller County, Arkansas. The Court has reviewed these thoroughly, and finds that Plaintiffs have satisfied their burden of showing that the matter can be timely adjudicated in state court, satisfying the fifth and final requirement for mandatory abstention.

The record reveals that all five requirements for mandatory abstention are satisfied. Accordingly, this Court is without jurisdiction to entertain this matter and must remand to state court.[4] *Frelin*, 292 B.R. at 380; *see also Fitzgeralds Sugar Creek, Inc. v. Kansas City Station Corp.*, (*In re Fitzgeralds Gaming Corp*.) 261 B.R. 1, 8 (Bankr. W.D. Mo. 2001); *Girard v. Michener*, (*In re Michener*) 217 B.R. 263, 267 (Bankr. D. Minn. 1998); *Miller & Miller Auctioneers, Inc. v. Ritchie Brothers Auctioneers International, L.P., et al.*, (*In re Missouri Properties*, *Ltd*.) 211 B.R. 914, 919 (Bankr. W.D. Mo. 1996).

---

[4] Since the Court finds mandatory abstention proper, a discussion of the remainder of Plaintiffs' Motion is unnecessary.

### III. CONCLUSION

For the reasons stated herein and above, the Court finds Plaintiffs' Motion for Remand, Alternative Motion for Discretionary Abstention and Equitable Remand, Alternative Motion for Severance and Remand, and Motion for Costs, Expenses and Fees should be and hereby is **GRANTED IN PART** and **DENIED IN PART**.  To the extent that Plaintiffs seek remand to the Circuit Court of Miller County, Arkansas, the motion is **GRANTED**.  The remainder of the motion, including Plaintiffs' Motion for Costs, Expenses and Fees is hereby **DENIED**.  Defendants' Motion for Leave to File Amended Notice of Removal is **DENIED**.  An order of even date, consistent with this opinion, shall issue.

**IT IS SO ORDERED**, this 17th day of April, 2007.

                                                          /s/Harry F. Barnes
                                                  Hon. Harry F. Barnes
                                                  United States District Judge